J-S37024-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY MICHAEL JOHNSON | : | |
| | : | |
| Appellant | : | No. 1489 EDA 2017 |

Appeal from the Judgment of Sentence Entered April 5, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CAR-0000889-2016

BEFORE:   OLSON, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

JUDGMENT ORDER BY McLAUGHLIN, J.:          **FILED SEPTEMBER 12, 2018**

Following a bench trial, the trial court found Anthony Michael Johnson guilty of Driving Under the Influence of Alcohol or Controlled Substance (general impairment) (DUI), but acquitted him of Drivers Required to Be Licensed, Driving Vehicle at Safe Speed, and Careless Driving.[1] Johnson argues on appeal that the guilty verdict was against the weight of the evidence because of a claimed inconsistency between the conviction and the acquittals. Johnson waived his weight claim, and we therefore affirm.

An appellant may not challenge the weight of the evidence in the first instance on appeal. **See** Pa.R.Crim.P. 607(A); **Commonwealth v. Roche**, 153 A.3d 1063, 1071 (Pa.Super. 2017), *appeal denied*, 169 A.3d 599 (Pa. 2017). Although Johnson raised a weight claim before the trial court in a

---

*   Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S.A. §§ 3802(a)(1), 1501(a), 3361, and 3714(a), respectively.

Motion for Extraordinary Relief and/or Arrest of Judgment, he withdrew the motion before the court ruled on it. The withdrawal is memorialized in both a notation on the trial court docket and a signed document in the certified record. Johnson did not otherwise raise the issue in the trial court and he does not make any argument that he did not commit waiver despite having withdrawn the motion. Johnson waived his weight challenge.

Even if Johnson had properly preserved the issue, we would nonetheless affirm. The trial court addressed Johnson's weight-of-the-evidence argument because he asserted it in his Pa.R.A.P 1925(b) Statement. Johnson's Rule 1925(b) Statement claimed that "the verdict of guilty to the charge of DUI in light of the acquittals to the remaining traffic summary offenses [was] against the weight of the evidence" and "shock[s] the conscience[,] [t]hereby necessitating vacating the guilty verdict or alternatively, granting a new trial[.]" Johnson's Br., Ex. B.

The trial court explained that it had disbelieved Johnson's testimony at trial that he was not the one driving at the time of the incident giving rise to the charges at issue in this appeal. The court then concluded that, in view of the other evidence against Johnson – in particular the testimony of other witnesses whom the court found credible – the verdict was not objectively shocking. That conclusion was not an abuse of discretion. **See Commonwealth v. Clay**, 64 A.3d 1049, 1054-55 (Pa. 2013) (stating standard of review of an order denying a motion for a new trial based on a weight claim is abuse of discretion). To the extent Johnson attempts to

reframe his weight argument as a challenge to the sufficiency of the evidence, he waived that argument by not raising it in his Rule 1925(b) Statement.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/12/18